IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MAURICE BARR**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action Number: |
| | ) **1:17-cv-00843-AKK-JEO** |
| | ) |
| **ACTING WARDEN FERNANDER**, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 and the "savings clause" of 28 U.S.C. § 2255(e), by Maurice Barr, *pro se*, a federal prisoner at the Federal Correctional Institution in Talladega, Alabama. Doc. 1. In his petition, Barr challenges his 1997 sentence imposed by the United States District Court for the Northern District of Mississippi, after Barr pleaded guilty to federal drug charges. *Id.* The magistrate judge to whom the action was referred entered a Report and Recommendation, *see* 28 U.S.C. § 636(b)(1), proposing that the petition be dismissed for want of jurisdiction. Doc. 3. Barr has now filed timely objections to the R&R. Doc. 4. Within those objections is a motion in the alternative to transfer the action to the sentencing court in lieu of dismissing the petition. *Id.* at 4-7. For the reasons that follow, the court concludes that the magistrate judge's R&R is due to be accepted,

that the action is due to be dismissed for lack of jurisdiction, and that the motion to transfer is due to be denied.

## I.

In his habeas petition, Barr argues that he was improperly sentenced as a career offender under the then-mandatory United States Sentencing Guidelines. Specifically, he contends that, based on the Supreme Court's recent decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), he is "actually innocent" of his Guidelines career offender enhancement, on the theory that his prior Mississippi state conviction for distribution of a controlled substance, in violation of Miss. Code § 41-29-139, was erroneously counted as a felony conviction for "a controlled substance offense" as defined in U.S.S.G. § 4B1.2(b).

The magistrate judge concluded that this court lacks habeas jurisdiction to hear such a claim attacking a federal sentence. In support, the magistrate judge relied on two *en banc* decisions of the Eleventh Circuit Court of Appeals: *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc), and *McCarthan v. Director of Goodwill Indust.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). In *Gilbert*, the court held that § 2255(e)'s savings clause does not extend habeas jurisdiction to claims by federal prisoners, like Barr, who contend they were improperly sentenced under the Guidelines, but still within the statutory maximum for their offenses. 640

F.3d at 1295. And in *McCarthan*, the court interpreted the scope of § 2255(e)'s savings clause as being even narrower still, holding that the statute authorizes habeas jurisdiction "only when [a motion to vacate a federal sentence under 28 U.S.C. § 2255] cannot remedy a particular kind of claim." 851 F.3d at 1099. Thus, the *McCarthan* court held that, even where a federal prisoner claims that a retroactively applicable, circuit-precedent-busting Supreme Court decision establishes that he was improperly sentenced above the statutory maximum, habeas review is foreclosed because such a claim can generally be raised in a § 2255 proceeding, even if it might have clearly had no chance of succeeding at the time. 851 F.3d at 1099-1100.

## II.

### A.

Barr objects to the R&R, arguing that the magistrate judge failed to discuss whether the Supreme Court's decision in *Mathis* is retroactively applicable to cases on collateral review. Citing a host of lower federal court decisions from outside the Eleventh Circuit, Barr also suggests that there exists "a circuit split on the appropriate remedy" for a claim based on *Mathis*. Doc. 4 at 1. Ultimately, he contends that this court should adopt the approach taken by the Seventh Circuit Court of Appeals, which he posits would allow his *Mathis* claim to be heard in habeas under § 2241. *Id.* at 4.

Unfortunately for Barr, this court is bound to adhere to the holdings of published decisions of the Eleventh Circuit Court of Appeals unless and until they are overruled by that court sitting en banc or they are abrogated by the Supreme Court of the United States. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001); *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997). Because the Eleventh Circuit has spoken clearly on the relevant issues in *Gilbert* and *McCarthan,* that is the end of the discussion. In short, this court must follow *Gilbert* and *McCarthan* regardless of whether other circuit courts of appeals or, indeed, this court itself, might agree with their reasoning. *See Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990) ("We need hardly add that even if there were a relevant circuit split, the district court is bound by controlling Eleventh Circuit precedent.").

**B.**

In the alternative, Barr moves the court to, in lieu of dismissing his habeas petition for lack of jurisdiction, transfer the action to the federal district court that sentenced him, in the Northern District of Mississippi. Doc. 4 at 1, 4-7. This court is authorized, upon finding that it lacks jurisdiction over a civil action, to transfer the action to another federal district court "in which the action . . . could have been brought at the time it was filed," if to do so "is in the interest of justice." 28 U.S.C.

§ 1631.[1] However, to the extent that Barr's pleading is construed as a habeas corpus petition filed pursuant to § 2241, as he has labeled it, such an action may be filed, if at all, only in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012); 28 U.S.C. § 2241(a), 2243. And because Barr is incarcerated in the Northern District of Alabama, the federal district court for the Northern District of Mississippi would lack jurisdiction to entertain this action as one seeking a writ of habeas corpus. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) ("As [the petitioner] is incarcerated in [the federal prison in] Talladega, Alabama, only the district court the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition."). Indeed, both the sentencing court and the United States Court of Appeals for the Fifth Circuit have previously told Barr as much. *See Barr v. United States*, 61 F. App'x

---

[1] In support of his motion for a transfer to the sentencing court, Barr actually cites the *forum non-conveniens* statute, 28 U.S.C. § 1404(a), which authorizes a court to transfer venue to another court "for the convenience of the parties and witnesses," if it would serve "the interest of justice." While both § 1404(a) and 1631 authorize transfer of a civil action from one district court to another "in the interest of justice" and are thus "analogous in operation," *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1985), if this court lacks jurisdiction, only the latter statute might apply here, technically speaking. That is, Section 1631 applies where the district court in which the action was originally filed does not have subject-matter jurisdiction, so the discretionary choice for the court is between dismissing the action or transferring it to another district court that would have jurisdiction. By contrast, § 1404(a) applies where the district court in which the case was originally filed does have jurisdiction, so the court could keep the case, but the court considers whether to transfer it to another district court with concurrent jurisdiction, based upon a weighing of the relative convenience to the parties and witnesses afforded by the respective courts. *See Dobard v. Johnson*, 749 F.2d 1503, 1507 (11th Cir. 1985).

920, 920 (5th Cir. Feb. 19, 2003). As a result, this action arising under the habeas statutes is not properly subject to transfer to the Northern District of Mississippi under 28 U.S.C. § 1631.

The court recognizes that if Barr's habeas application were re-characterized as a motion to vacate his federal sentence filed pursuant to 28 U.S.C. § 2255, the sentencing court in the Northern District of Mississippi would at least generally have subject-matter jurisdiction over that type of motion. Barr alleges in his pleading, however, that he previously filed a § 2255 motion in that court and had it denied as untimely in December 2000. Doc. 1 at 3. As a result, that court would lack jurisdiction to entertain another § 2255 motion from Barr unless he first were to obtain an authorizing order from the Fifth Circuit Court of Appeals, something he does not allege. *See* 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). In fact, the sentencing court and the Fifth Circuit have also ruled in Barr's own case that the former would not have jurisdiction to consider a habeas filing even if it were deemed a § 2255 motion because it would have been successive. *See Barr*, 61 F. App'x at 920. Accordingly, there is no basis for transferring this action to the sentencing pursuant to 28 U.S.C. § 1631 based on a recharacterization of Barr's habeas petition as a § 2255 motion.

Finally, Barr contends that a transfer of his habeas action to the sentencing court is authorized under 28 U.S.C. § 2241(d). Doc. 4 at 5. That statute authorizes transfers in habeas corpus actions filed by "a person in custody under the judgment and sentence of a State court," *i.e.*, State prisoners, and only then between district courts within the same State in which the petitioner was convicted. Thus, § 2241(d) has no application to Barr's habeas petition challenging his present physical custody, insofar as he is a *federal* prisoner seeking a transfer to a district court in a *different* State. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("Section 2241(d) applies when [a state] prisoner is confined in that state in which he was convicted and sentenced."); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) (recognizing that, § 2241(d) withstanding, "[i]f the petitioner is a federal prisoner, or if the state sentencing court is in a different state from the prisoner or his custodian, the district court still must have jurisdiction over the prisoner or his custodian.").

## III.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. Petitioner's motion to

transfer, contained in his Objections, doc. 4 at 1, 4, is due to be **DENIED**. As a result, the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction. A separate Final Order will be entered.

**DONE**, this 20th day of June, 2017.

                                             **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE